**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| HENRY KIDD, | : | |
| | : | Civil Action No. 11-4366 (MLC) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| PAULA T. DOW, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**COOPER, District Judge**

Henry Kidd petitions for a writ of habeas corpus, pursuant
to 28 U.S.C. § 2254, without prepaying his filing fee.  His
Petition merely states "IAD - 180 DAY EXPIRATION 4/21/2011 --
INTER-STATE AGREEMENT ON DETAINERS  -- IAD VIOLATION STILL
ONGOING -- NO APPEAL AVAILABLE."  [Dkt. entry no. 1, at 2-3.]

"Habeas corpus petitions must meet heightened pleading
requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).
Habeas Rule 2(c) requires a § 2254 petition to "specify all the
grounds for relief available to the petitioner," "state the facts
supporting each ground" and "state the relief requested."  28
U.S.C. § 2254 Rule 2(c).

Moreover, a state prisoner applying for a writ of habeas
corpus in federal court must first "exhaust[] the remedies
available in the courts of the State," unless "there is an
absence of available State corrective process[] or . . .
circumstances exist that render such process ineffective".  28

U.S.C. § 2254(b)(1) ("AEDPA"); see Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding Supreme Court precedent and AEDPA "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [Petitioner] is required to present . . . unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519. A petitioner exhausts state remedies by presenting federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert, 134 F.3d at 513 (collateral attack in state court not required if petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in

the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The exhaustion requirement applies to all challenges raised under the Interstate Agreement on Detainers.  See Gonce v. Redman, 780 F.2d 333, 335 (3d Cir. 1985) ("Under 28 U.S.C. § 2254(b) and (c), a habeas petitioner is required to exhaust available state remedies before requesting habeas corpus relief in federal court.  These exhaustion provisions have been interpreted as requiring that before a state defendant may raise an issue as grounds for federal habeas relief he must present it to the highest court of the state") (applying the exhaustion requirement to a petition raising Interstate Agreement on Detainers challenges and citing Irvin v. Dowd, 359 U.S. 394, 406 (1959), and Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42 (3d Cir. 1984)).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  Where any available procedure remains for the

petitioner to raise the question presented in the courts of the state, the petitioner has not exhausted the available remedies. <u>See</u> 28 U.S.C. § 2254(c).

Here, the Petition does not state Kidd's legal challenges or his factual predicate; it only states that he did not exhaust his claims.  Therefore, his Petition shall be dismissed for failure to meet the exhaustion requirement and the requirements of Habeas Rule 2(c).

Since Kidd asserted jurisdiction under 28 U.S.C. § 2254, this Court will determine whether a certificate of appealability ("COA") should issue.  Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its ruling.  Accordingly, no COA shall issue.


                                        s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:  September 12, 2011

5